IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EVERALD GEORGE
JOHNSON,

     Appellant,

v.

STATE, DEPARTMENT OF
REVENUE, CHILD SUPPORT
ENFORCEMENT PROGRAM
EX REL. ANNMARIE
JOHNSON,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5809

Opinion filed October 7, 2016.

An appeal from the Department of Revenue.

Ann Coffin, Director of the Child Support Enforcement Program of the
Department of Revenue, Authorized Representative.

Opal P. Lee of FloJam Legal, P.A., Plantation, for Appellant.

Pamela Jo Bondi, Attorney General and Toni C. Bernstein, Assistant Attorney
General, for Appellee.

OSTERHAUS, J.

     Everald George Johnson challenges the validity of the Department of

Revenue's (DOR's) final administrative child support order on the basis that DOR's

proceeding should have terminated after he served DOR with a copy of a filed circuit court petition addressing support obligations. We agree and reverse.

I.

On August 13, 2015, Mr. Johnson received notice from DOR that a proceeding to establish administrative support had been initiated against him. On September 1, 2015, Mr. Johnson filed a petition for dissolution of marriage in circuit court that sought a determination regarding child support, and mailed a copy of the petition to DOR. His cover letter informed DOR that his circuit court case included child custody, timesharing, and child support issues. And it specifically asked DOR to close the administrative proceeding. DOR received the letter and petition on September 4, 2015, but moved forward anyway with its administrative case and entered a final support order against Mr. Johnson a couple of months later.

II.

This case turns on a question of law and whether service of a copy of a circuit court petition is accomplished at the time it is mailed for purposes of § 409.2563, Florida Statutes, even if it is not physically received by DOR until after the 20-day period for service has run. Everyone agrees in this case that Mr. Johnson's 20-day period for serving a copy of a circuit court petition started on August 13, 2015, upon receipt of DOR's Notice of Proceeding. Everyone also agrees that nineteen days later, on September 1st, Mr. Johnson mailed DOR a copy of the petition he had filed

2

in circuit court in Broward County. Mr. Johnson argues that timely mailing the petition on the 19th day satisfied his service requirement. But DOR's asserts Mr. Johnson's letter was two days late because DOR received it on the 22nd day after Mr. Johnson received notice of the administrative support proceeding.

The law requires that DOR halt an administrative support proceeding if the parent from whom support is sought files a petition to have the matter heard in circuit court and "serves [DOR] with a copy of the petition within 20 days after being served notice [of the administrative support proceeding]." § 409.2563(4)(n), Fla. Stat. DOR's Notice of Proceeding quoted this very same standard. It said its administrative proceeding against Mr. Johnson would end if he files a civil action to determine support obligations in circuit court "within 20 days after you were served with this notice . . . and serve us with a copy of the petition."

Section 409.2563, defines the term "filed" for purposes of the statute, but does not detail how to "serve" DOR with a copy of the petition. Instead, a handful of procedure and administrative rules establish what Mr. Johnson had to do to complete service of a copy of his circuit court petition on DOR. See Fla. Fam. L.R.P. 12.070 & 12.080; Fla. R. Civ. P. 1.070 & 1.080; Fla. R. Jud. Admin. 2.516. Contrary to DOR's argument, the rules do not require personal service as if Mr. Johnson were formally serving an initial pleading on a party defendant in the circuit court case. DOR was not a party to the circuit court case. And, in this case, the notice to DOR

3

contemplated by § 409.2563(4)(n) is governed by Rule of Judicial Administration 2.516, which addresses how almost "every other document," except an initial pleading, must be served. Rule 2.516 states that service is generally to be accomplished by e-mail, but that if a party is not represented by an attorney and has not designated an e-mail address for service, then a document can be served by other means. Fla. R. Jud. Admin. 2.516(b)(1)(C). One way to serve a document by other means is "by mailing it to the party." Fla. R. Jud. Admin. 2.516(b)(2). The Rule adds that "[s]ervice by mail is complete *upon mailing*." Id. (emphasis added).

Here, DOR's notice did not provide an e-mail address for service of Mr. Johnson's petition, nor provide the name of an attorney. Instead, the notice required Mr. Johnson to serve DOR at a physical mailing address: "If you file a petition, you must serve us at: [an office address in Tallahassee]." In this case, Mr. Johnson complied with the service requirement in § 409.2563(4)(n), by mailing a copy of his petition to DOR on the 19th day. At that point, according to § 409.2563(4)(n) and DOR's notice, the administrative support proceeding should have ended. DOR should not have moved forward with its administrative case after being served with a copy of Mr. Johnson's petition, or entered the final order.

III.

Accordingly, we REVERSE with directions for DOR to VACATE the final administrative support order.

4

WOLF and LEWIS, JJ., CONCUR.